## In re POLAROID ERISA LITIGATION
### No. 03 Civ.8335(WHP).

United States District Court,
S.D. New York.

Feb. 7, 2005.

Lynn Lincoln Sarko, Derek Loeser, Keller Rohrback L.L.P., Seattle, WA, for Plaintiffs.

Richard S. Schiffrin, Joseph H. Meltzer, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, for Plaintiffs.

Curtis V. Trinko, New York, NY, for Plaintiffs.

Wilber H. Boies, McDermott, Will & Emery LLP, Chicago, Illinois, and Terri L. Ross, McDermott, Will & Emery LLP, New York, NY, for Defendant State Street Bank & Trust Co.

Harvey J. Wolkoff, Ropes & Gray, Boston, MA, for Defendant Gary DiCamillo.

David P. Donovan, Wilmer Cutler Pickering Hale & Dorr LLP, McLean VA, for Defendants Donald Halsted, William L. Flaherty, Judith Boynton, Carl Lueders, Harvey Greenberg, Benjamin Byrd, John Jenkins, W. Katrowitz, Janet Cramer, Deirdre Evans, Neal Goldman and William Hubert, Patricia Weller, Andra Bolotin, Jeffrey Miller, Philip Ruddick and Ralph Norwood.

## MEMORANDUM AND ORDER

PAULEY, District Judge.

Defendant State Street Bank & Trust Company ("State Street") moves to disqualify Plaintiffs' co-lead counsel, Keller Rohrback L.L.P. ("Keller") and Schiffrin & Barroway, LLP, as well as their local counsel, the Law Offices of Curtis V. Trinko, L.L.P. In the alternative, State Street seeks to have the Amended Consolidated Complaint stricken without prejudice. For the reasons set forth below, State Street's motion is denied.

## BACKGROUND

Plaintiffs filed this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in October 2003. In their initial complaint, Plaintiffs claimed that the defendants, officers and directors of Polaroid Corporation, breached their fiduciary duties with respect to their management of the Polaroid Retirement Savings Plan (the "Polaroid Plan"). (Complaint, dated Oct. 22, 2003.) In March 2004, this Court consolidated this action with two related lawsuits and appointed Keller as one of two co-lead counsel firms for Plaintiffs. (Pretrial Order No. 1, dated Mar. 5, 2004.) Later that month, Plaintiffs served a subpoena *duces tecum* on State Street, the trustee for the Polaroid Plan. State Street produced over 9,000 pages of documents in response to that subpoena. (Declaration of Derek W. Loeser, dated Dec. 31, 2004 ("Loeser Decl.") ¶ 5.) On September 15, 2004, Plaintiffs filed an Amended Consolidated Complaint adding State Street as a defendant.

The present motion hinges on State Street's and Keller's interaction in another ERISA action that is pending in the Southern District of Texas titled *Tittle v. Enron Corp. (In re Enron Corporation ERISA Litigation)*, No. H–01–3913 (the "Enron Litigation"). That action, in which Keller represents the plaintiffs, was commenced in November 2001 and concerns the well-publicized collapse of the Enron Corporation. (Loeser Decl. ¶ 14.) The *Tittle* plaintiffs allege that the defendants,

who include the trustee of the Enron ERISA plans, breached their fiduciary duties under the ERISA statute and committed other violations by allowing participants in the Enron plans to suffer monumental losses. (Declaration of Kelly Q. Driscoll, dated Nov. 5, 2004 ("Driscoll Decl.") ¶ 3; Loeser Decl. ¶¶ 14–17.)

In March 2002, at the urging of the Department of Labor, Enron selected State Street to serve as the independent fiduciary supervising its retirement plans. (Driscoll Decl. ¶ 1; Loeser Decl ¶ 18.) In that capacity, State Street monitors and participates in litigation against former Enron plan fiduciaries and, therefore, has been involved in the Enron Litigation. (Driscoll Decl. ¶ 2.) Keller has never represented State Street in that action or in any other action. (Declaration of Lynn Lincoln Sarko, dated Dec. 30, 2004 ("Sarko Decl.") ¶ 11.)

However, State Street and Keller have worked collaboratively since the time of State Street's appointment as independent fiduciary. (Driscoll Decl. ¶¶ 4–7; Loeser Decl. ¶¶ 19–20; Sarko Decl. ¶¶ 12–19.) For instance, State Street provided Keller "with confidential information concerning State Street's insights, experience and understandings about the work of institutional trustees," and both parties understood that this information would remain confidential. (Driscoll Decl. ¶¶ 4–5; see Sarko Decl. ¶¶ 8, 18.) State Street and Keller formalized their understanding on October 28, 2002 by entering into a Joint Prosecution Agreement (the "JPA"). (Driscoll Decl. Ex. A.) Through the JPA, State Street and Keller agreed to maintain the confidentiality of all materials they exchanged and to "use such Materials solely in prosecuting and investigating the [Enron Litigation], including the assertion of claims and defenses to any counterclaims, or to assist in the management or operation of the Plans, and for no other pur-

pose." (JPA ¶ 3.) The parties also agreed that the JPA would not "affect the separate and independent representation of the ... plaintiffs and State Street" and "waive[d] any claim they might have for disqualification of each other's counsel in the [Enron Litigation] based solely upon access to Materials." (JPA ¶ 5.)

State Street contends that through its participation in the Enron Litigation, it has disclosed to Keller confidential information concerning its own practices as an ERISA trustee. As a result, State Street argues, Keller should be disqualified from representing Plaintiffs in this action in which State Street is now a defendant and in which State Street's conduct as an ERISA trustee is at issue. State Street contends that Keller's co-counsel also should be disqualified because of the "substantial risk that these firms are in a position to utilize the information State Street supplied to Keller in the Enron Litigation." (State Street's Memorandum in Support of Motion to Disqualify Plaintiffs' Counsel ("State Street Mem.") at 11–12.) As an alternative, State Street submits that this Court may simply strike the Amended Consolidated Complaint, thereby allowing Plaintiffs to press their claims against the other defendants in this action through their chosen counsel, while preserving Plaintiffs' opportunity to proceed against State Street through different counsel in another lawsuit. (State Street Mem. at 12.)

## DISCUSSION

### I. *Motion to Disqualify Plaintiffs' Counsel*

■ A party who brings a motion to disqualify counsel faces a heavy burden. *See Evans v. Artek Sys. Corp.,* 715 F.2d 788, 791 (2d Cir.1983); *Bd. of Educ. v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir.1979). The Court of Appeals "has adopted 'a re-

strained approach' which calls for disqualification only upon a finding that the presence of a particular counsel will taint the trial by affecting his or her presentation of a case." *Bottaro v. Hatton Assocs.*, 680 F.2d 895, 896 (2d Cir.1982) (internal citation omitted); *accord Matthews v. LeBoeuf, Lamb, Greene & MacRae*, 902 F.Supp. 26, 28 (S.D.N.Y.1995). Where the counsel targeted by the motion and the movant were not previously joined as attorney and client, disqualification is warranted if the parties' prior interaction exhibited "sufficient aspects of an attorney-client relationship" and there is a "substantial relationship" between that prior interaction and the present litigation. *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748–50 (2d Cir.1981); *Brown & Williamson Tobacco Corp. v. Pataki*, 152 F.Supp.2d 276, 282 (S.D.N.Y.2001). A motion to disqualify should be granted only when "the relationship between issues in the prior and present cases is patently clear ... [and] the issues involved [are] identical or essentially the same." *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739–40 (2d Cir.1978) (internal citations and quotations omitted).

### A. *Keller*

■ State Street claims that its exchange of confidential information with keller in the Enron Litigation evinces sufficient aspects of an attorney-client relationship to satisfy the first prong of the *Glueck* test. There is no dispute that State Street divulged confidential information and expected Keller to maintain that information in confidence. (Driscoll Decl. ¶ 5; Sarko Decl. ¶ 8; JPA ¶ 3.) However, while State Street characterizes that exchange as akin to the disclosures a client makes to its attorney, the provisions of the JPA undermine that assertion. The JPA makes clear that Keller does not represent State Street by virtue of their agreement (JPA ¶¶ 4–5), and State Street has re-

tained its own national and local counsel for the Enron Litigation (Loeser Decl. ¶ 23). Inimical to any semblance of an attorney-client relationship, the JPA expressly permits Keller to bring claims against State Street in that case. (JPA ¶ 5 ("The *Tittle* plaintiffs and State Street agree to waive any claim they might have for disqualification of each other's counsel in the Lawsuit based solely upon access to Materials.").) *See Summers v. UAL Corp. ESOP Comm.*, No. 03 C 1537, 2004 WL 2583877, at *3 (N.D.Ill. Nov.10, 2004) (denying State Street's motion to disqualify Keller's Enron Litigation co-counsel in another ERISA action because, *inter alia*, "State Street expressly agreed to waive its right to seek disqualification" of that firm). Given these clear contractual terms, this Court finds that State Street and Keller have not developed "sufficient aspects of an attorney-client relationship" in the context of the Enron Litigation. *See Glueck*, 653 F.2d at 749.

■ Moreover, State Street has failed to demonstrate that there is a substantial relationship between the nature of its dealings with Keller in the Enron Litigation and the claims against State Street in this action. To be sure, the parties are at loggerheads concerning the nature of the information State Street has provided Keller while acting as the Enron independent fiduciary. Keller maintains that State Street opined on the claims against the defendants in the Enron Litigation and the proposed settlement therein but did not reveal anything regarding its own practices. (Sarko Decl. ¶¶ 12, 17–18.) State Street, by contrast, insists that it also disclosed "the processes State Street itself utilizes when acting as a fiduciary or trustee for retirement plans with company stock investments." (Driscoll Decl. ¶ 4; *see* Driscoll Decl. ¶ 6.)

Even crediting State Street's account, any information it disclosed to Keller lacks a close nexus to the Plaintiffs' claims in this action. Plaintiffs claim that State Street breached its fiduciary duties by keeping the Polaroid Plan invested in Polaroid stock after it ceased being a prudent investment. (Amended Consolidated Complaint, dated Sept. 15, 2004 ¶¶ 192–208.) However, State Street does not assert that it has provided Keller with any information concerning its functions as the trustee for the Polaroid Plan, other than in response to Plaintiffs' subpoena. Rather, all of State Street's interactions with Keller in the Enron Litigation have been tailored to the Enron plans, its fiduciaries and various other aspects of that litigation. (Driscoll Decl. ¶ 1.)

To the extent State Street has discussed with Keller its general practices when serving as an ERISA plan trustee, such information is only superficially related to the conduct at issue in this action. *Cf. UCAR Int'l, Inc. v. Union Carbide Corp.,* No. 00 Civ. 1338(GBD), 2002 WL 31519616, at *4 (S.D.N.Y. Nov.8, 2002) (disqualifying plaintiff's counsel because the specific information they had obtained from defendant constituted the "central components" of the complaint). Plaintiffs here do not challenge State Street's trustee practices generally; instead, Plaintiffs' claims implicate State Street's conduct as trustee only for the Polaroid Plan. *Cf. Mitchell v. Metro. Life Ins. Co.,* No. 01 Civ. 2112(WHP), 2002 WL 441194, at *6 (S.D.N.Y. Mar.21, 2002) (finding a substantial relationship between the particularized information counsel had acquired through earlier representations and the "pending action in which plaintiffs, on an institutional level, attack the company's employment policies and practices"); *see also United States Football League v. Nat'l Football League,* 605 F.Supp. 1448, 1459 (S.D.N.Y. 1985) ("More general legal representation can be relevant to a later litigation, but only if the later litigation fairly puts in issue the entire background of the movant."). As such, the information State Street has provided Keller in the Enron Litigation is not substantially related to Plaintiffs' claims against State Street in this action to warrant Keller's disqualification.

### B. *Keller's Co–Counsel*

■ State Street's motion with respect to Keller's co-counsel is contingent on the disqualification of Keller, as State Street only claims to have disclosed confidential information to that law firm. *See Analytica, Inc. v. NPD Research, Inc.,* 708 F.2d 1263, 1266 (7th Cir.1983) (noting that one of the firms representing plaintiff "was disqualified not for anything it did or failed to do but simply because as ... co-counsel it had access, actual or potential, to whatever confidential information [the other firm] had obtained"); *Fund of Funds, Ltd. v. Arthur Andersen & Co.,* 567 F.2d 225, 234–35 (2d Cir.1977) (disqualifying counsel due to his "close association" with a previously disqualified firm). Because State Street's interaction with Keller in the Enron Litigation is insufficient to warrant the firm's disqualification, this Court cannot conclude that Plaintiffs' other counsel should be disqualified.

### II. *Motion to Strike the Amended Consolidated Complaint*

Alternatively, State Street seeks to have this Court strike the Amended Consolidated Complaint adding State Street as a defendant in this action. State Street contends that "[s]uch relief would permit this case to proceed in the ordinary course and would obviate the need to disqualify Keller and other counsel for the plaintiffs." (State Street Mem. at 12.) However, State Street offers no authority for their requested alternative relief. Indeed, if

Plaintiffs' counsel's continued representation risked tainting this action, disqualification would be the appropriate remedy. *See Bottaro,* 680 F.2d at 896. Since disqualification is unwarranted, this Court also denies the motion to strike the Amended Consolidated Complaint.

## CONCLUSION

State Street's motion to disqualify Keller Rohrback L.L.P. and its co-counsel, Schiffrin & Barroway, LLP and the Law Offices of Curtis V. Trinko, L.L.P., as counsel for Plaintiffs is denied. This Court also denies State Street's motion to strike the Amended Consolidated Complaint.